# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-60540

ESTATE OF JAMES E. RUGGLES, DR., Deceased,

Plaintiff-Appellee,

versus

ROBERT M. WALKER, Etc; ET AL,

Defendants,

ROBERT M. WALKER, The Mayor and Alderman of the
City of Vicksburg; GERTRUDE YOUNG, Alderwoman, in her
official capacity; SAMUEL D. HABEEB, Alderman, in his
official capacity; TOM WILSON, Investigator; WALTER BEAMON,
Lieutenant; CHARLES CHISLEY, Police Chief,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Mississippi, Western Division
(5:99-CV-156-BrS)

January 17, 2001

Before REYNALDO G. GARZA, STEWART, and DENNIS, Circuit Judges.

PER CURIAM[*]

Investigator Tom Wilson ("Wilson") and Lieutenant Walter Beamon ("Beamon") appeal from

the district court's denial of their motion for summary judgment based on qualified immunity. We

dismiss their appeal for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the arrest of Dr. James E. Ruggles ("Dr. Ruggles"), an oral and maxillofacial surgeon, on February 5, 1999, for the alleged distribution of Valium, a controlled substance. The events that led to Dr. Ruggles' arrest are as follows.

On January 31, 1999, Sherry Balthrop ("Balthrop"), an employee of Dr. Ruggles was arrested by the Vicksburg police for driving under the influence of alcohol. Officers recovered Valium tablets in her purse and subsequently called Wilson, a narcotics investigator for the Vicksburg Police Department. Balthrop told Wilson that Dr. Ruggles had given her the Valium. She also told him that he had given her the pills on two occasions immediately before she went on vacations involving air travel to alleviate her fear of flying and also to help her sleep.

On February 1, 1999, Wilson contacted District Attorney George Gilmore Martin ("District Attorney Martin" or "Martin") regarding Balthrop's arrest. In a deposition taken for this case, Martin stated that he informed Wilson that neither Balthrop nor Dr. Ruggles had committed a crime and that they could not be prosecuted. He also claimed that he suggested that Wilson call Dr. Ruggles to verify Balthrop's story and told Wilson that no charges should be filed if Dr. Ruggles corroborated Balthrop's story. However, Wilson maintains that Martin was undecided as to whether Balthrop or Ruggles should be prosecuted and did not state unequivocally that he would not prosecute them.

Wilson subsequently phoned Dr. Ruggles and recorded the conversation. He asked Dr. Ruggles if he knew how Balthrop had obtained the Valium, and Dr. Ruggles verified what Balthrop had told Wilson.

Next, Wilson phoned Neil Breeland, an investigator for the Mississippi Board of Medical

2

Licensure, and informed Breeland of his conversation with Dr. Ruggles. Wilson avers that Breeland stated that Ruggles had committed a crime by dispensing the Valium to Balthrop. However, Breeland has stated that he did not indicate that Ruggles had committed any crime, but merely provided Wilson with the cites for statutes regarding controlled substances and left the determination of the criminality of Balthrop's and Dr. Ruggles' conduct to Wilson. Breeland also has stated that he told Wilson that he was not very familiar with the relevant subject matter and that Wilson should contact Karen Wilson of the Mississippi State Dental Board.

Wilson contacted Karen Wilson and asked her opinion on whether Dr. Ruggles had committed a crime. Wilson contends that she told him that Dr. Ruggles had committed a crime and also that Balthrop was guilty of possession. However, there is deposition testimony indicating that Karen Wilson's opinion, as communicated to Wilson, was that Dr. Ruggles' conduct merely involved a possible ethical violation and that no district attorney would prosecute him.

Beamon contacted District Attorney Martin on February 3rd regarding Balthrop and Dr. Ruggles. Martin stated in his deposition that he informed Beamon that he would not prosecute the case against Balthrop and Dr. Ruggles. Wilson and Beamon dispute whether Martin indicated that he was not willing to prosecute the cases. Wilson completed an affidavit on February 3rd charging Dr. Ruggles with felonious distribution of a Schedule IV controlled substance without a prescription and citing Section 41-29-139(c)(3) of the Mississippi Code.

On February 4th, according to District Attorney Martin, Wilson informed Martin that Karen Wilson had told him that it was an ethical violation for Dr. Ruggles to dispense the Valium to Balthrop. On February 5th, Martin contacted Karen Wilson. According to Martin, Ms. Wilson told him that she had advised Wilson and Beamon that Dr. Ruggles' conduct constituted an ethical

3

violation and that no district attorney would prosecute him. Martin then phoned Wilson and relayed his conversation with Karen Wilson. Martin maintained in his deposition that he told Wilson that the appropriate action was to allow the matter to be handled by the dental board as an ethical violation and that he would not prosecute Balthrop or Dr. Ruggles. He also claimed that Wilson and Beamon had not informed him that they planned to institute charges against Balthrop or Dr. Ruggles. Wilson and Beamon dispute this claim and assert that Martin was undecided as to whether he would prosecute but never stated that he would not.

On February 5th, Wilson, Beamon, and other police officers arrested Dr. Ruggles near his office and Balthrop at her home. District Attorney Martin declined to prosecute the cases against either Dr. Ruggles or Balthrop.

Dr. Ruggles subsequently filed this lawsuit against Wilson and Beamon, the mayor and two aldermen of the City of Vicksburg, the Vicksburg police chief, several Vicksburg police officers, and one or more "John Doe" defendants. Dr. Ruggles asserted claims pursuant to 42 U.S.C. § 1983 for the alleged violation of his rights under the Fourth and Fourteenth Amendments of the Constitution. He also included claims under Mississippi state law for wrongful arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, abuse of process, and defamation.

Dr. Ruggles and the defendants filed motions for summary judgment. One of the bases for the summary judgment motion of defendants Wilson and Beamon was the defense of qualified immunity. The district court denied the defendants' motion to the extent that it relied on probable cause and qualified immunity, finding that material fact issues exist. The court also found that, as a matter of Mississippi law, Dr. Ruggles' actions were not criminal. Wilson and Beamon now appeal the court's ruling on the issue of qualified immunity.

4

DISCUSSION

We do not ordinarily have jurisdiction to review a denial of summary judgment because such a motion is not considered final within the meaning of 28 U.S.C. § 1291. Palmer v. Johnson, 193 F.3d 346, 350 (5th Cir. 1999). However, a district court's denial of a summary judgment motion based on qualified immunity is immediately appealable if it is based on a conclusion of law but not if it is based on a claim regarding the sufficiency of the evidence. Id.

Wilson and Beamon argue that they had probable cause to arrest Dr. Ruggles and thus did not violate his constitutional rights. They claim that, contrary to the district court's finding, Dr. Ruggles' conduct was criminal under Mississippi law and that, under the totality of the circumstances, probable cause existed.

We find that we lack jurisdiction to hear this appeal because it involves claims regarding the sufficiency of the evidence. Although Wilson and Beamon attempt to couch their appeal in terms of legal issues, the appeal unavoidably involves the sufficiency of the evidence. Central to this case is whether or not the officers believed that Dr. Ruggles' conduct was criminal, not necessarily whether the conduct was indeed criminal, the issue on which the officers focus in this appeal. The district court correctly found that factual issues exist as to whether Wilson and Beamon had a basis to believe that Dr. Ruggles had committed a crime. For example, there is a dispute as to whether or not District Attorney Martin had expressed an unwillingness to prosecute Balthrop and Dr. Ruggles. Also, there is a dispute as to whether Karen Wilson advised Wilson that Dr. Ruggles had committed a crime or merely an ethical violation. There is a similar dispute regarding Wilson's conversation with Neil Breeland.

5

## CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.